THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH EZRA MARSTON on his own behalf and on behalf of those similarly situated, | Civil Action No. |
| Plaintiffs, v. | JURY TRIAL DEMANDED |
| AMERICAN PLUMBING PROFESSIONALS, INC. | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Joseph Ezra Marston ("Marston"), on his own behalf and on behalf of those similarly situated (collectively as "Plaintiffs"), who were employed by American Plumbing Professionals, (or "Defendant"), and brings this amended complaint in support for an action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

# INTRODUCTION

1.

Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.

The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.

Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.

The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce,

that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5.

To the extent any partial payments have been made by Defendants to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6.

The Defendants in this case, a plumbing company, and its owners, violated the FLSA by failing to pay Plaintiff and other similarly situated Plumbers, time and one half for all of their hours worked over forty (40) each week.

7.

This action is intended to include each and every employee falling within the position title above who worked for Defendants at any location, at any time within the past three (3) years.

8.

Plaintiff, Marston, was employed by Defendant as a Plumber from on or around June 2024 – April 2025.

9.

During Plaintiff Marston's employment with Defendant, and at all times material hereto, Plaintiff Marston was a resident of the State of Georgia and is subject to the jurisdiction of this Court.

10.

American Plumbing Services, Inc., is a Georgia Limited Liability Corporation that resides in this district, does business, and is engaged in commerce within the State of Georgia.

11.

American Plumbing Services Inc., is now and, at all times relevant hereto, has been a domestic corporation engaged in an industry affecting commerce.

12.

Defendant American Plumbing Services Inc., may be served by delivering a copy of the summons and complaint through its registered agent at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

13.

Plaintiff Marston was an "employee" of Defendant, as defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

14.

Plaintiff Marston performed non-exempt labor for Defendant within the last three (3) years.

15.

Defendant employed Plaintiff Marston during the relevant time period.

16.

During the relevant time period, Plaintiff Marston worked for an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

17.

Defendant is a municipal employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

18.

Defendant is classified as an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

19.

During Plaintiff Marston's employment with Defendant, Defendant employed two (2) or more employees which handled goods, materials, and supplied which travelled in interstate commerce.

20.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## COVERAGE

21.

At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

22.

At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

23.

At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

24.

At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

## FACTUAL ALLEGATIONS

25.

Plaintiff Martson was employed at Defendant from on or around June 2024 – April 2025, as a Plumber.

26.

During the full duration of Plaintiff Marston's employment at Defendant, he was paid a flat daily rate.

27.

Plaintiff Martson worked on average, around 10-15 hours of overtime per week, while employed at Defendant.

28.

Plaintiff Marston was never paid for any overtime he worked.

29.

Plaintiff Marston complained to Zac, Main Manager, about not being paid overtime. However, Defendant still failed to pay Plaintiff Martson overtime.

30.

Defendant failed to record all of the hours worked by Plaintiff Marston including overtime, and those similarly situated to him.

31.

Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff Marston, and those similarly situated to him, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

32.

Upon information and belief, Defendant had/has a company-wide policy of failing to Plaintiff Marston and other similarly situated employees proper overtime compensation for all of their overtime hours worked.

33.

Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff Marston and those similarly situated to him.

34.

Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

35.

Defendant has acted willfully in failing to pay Plaintiff Marston, and those similarly situated to him, in accordance with the law.

## COUNT I - RECOVERY OF MINIMUM WAGE AND OVERTIME COMPENSATION

36.

Plaintiff Marston reincorporates and readopts all allegations contained within Paragraphs 1-35 above.

37.

Plaintiff Marston, and those similarly situated to him, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

38.

During their employment with Defendant, Plaintiff Marston, and those similarly situated to him, regularly worked overtime hours but were not paid time and one-half compensation for same.

39.

As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff Marston, and those similarly situated to him, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff Marston, and those similarly situated to him, have suffered damages, plus incurring reasonable attorneys' fees and costs.

40.

As a result of Defendant's willful violation of the FLSA, Plaintiff Marston, and those similarly situated to him are entitled to liquidated damages.

41.

Plaintiff Marston and those similarly situated to him are entitled to recover their attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff Marston, and those similarly situated employees, demand judgment against Defendant for:

a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by him/them for which Defendant did not properly compensate him/them;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

Respectfully submitted the 9th day of September, 2025.

                                                  Respectfully submitted,

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 965-1682
Email: jstephens@forthepeople.com
***Attorney for Plaintiffs***