UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Joseph Ezra Marston, on his own behalf and on behalf of those similarly situated,<br><br>v.<br><br>American Plumbing Professionals, Inc. | Civil Action No. 1:25-cv-05122-ELR |

**Defendant American Plumbing Professionals, Inc.'s Answer and Defenses**

Defendant American Plumbing Professionals, Inc. ("*APP*") files this Answer and Defenses to Plaintiff Joseph Ezra Marston's Complaint for Damages [Doc. 1]. APP denies all allegations in Plaintiff's Complaint that are not specifically admitted below. The numbered paragraphs below correspond to the numbered paragraphs in Plaintiff's Complaint.

## I.   ANSWER

1. Paragraph 1 of Plaintiff's Complaint contains Plaintiff's characterization of this lawsuit, rather than any factual averment, and therefore does not require a response. Responding further, the allegations in Paragraph 1 purport to state a legal conclusion to which no response is required. If any response is required, APP denies the allegations in Paragraph 1 of Plaintiff's Complaint.

2. Paragraph 2 of Plaintiff's Complaint contains Plaintiff's characterization of the Fair Labor Standards Act in general, and purports to state legal conclusions, rather than any factual averment, and therefore does not require a response. If any response is required, APP admits the authority Plaintiff cites in Paragraph 2 is generally consistent with Plaintiff's characterization of the Fair Labor Standards Act.

3. Paragraph 3 of Plaintiff's Complaint contains Plaintiff's characterization of the Fair Labor Standards Act, and purports to state legal conclusions, rather than any factual averment, and

therefore does not require a response. If any response is required, APP denies Plaintiff's allegation in Paragraph 3 if the allegation is intended to address an employer's overtime requirement for all employees.

4.     Paragraph 4 of Plaintiff's Complaint contains Plaintiff's characterization of the Fair Labor Standards Act in general, and purports to state legal conclusions, rather than any factual averment, and therefore does not require a response. If any response is required, APP admits the authority Plaintiff cites in Paragraph 4 is generally consistent with Plaintiff's characterization of the Fair Labor Standards Act.

5.     Paragraph 5 of Plaintiff's Complaint contains Plaintiff's characterization of this lawsuit, rather than any factual averment, and therefore does not require a response. If any response is required, APP denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6.     APP denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7.     Paragraph 7 of Plaintiff's Complaint sets forth Plaintiff's characterization of his proposed FLSA collective action members, rather than any factual averment, and therefore does not require a response. If any response is required, APP denies that an FLSA collective action class is proper or that Plaintiff is similarly situated to any other individual and denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8.     APP denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9.     APP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of Plaintiff's Complaint and accordingly denies the allegations.

10.    APP admits that it resides within the district of this Court and does and is engaged in commerce within the State of Georgia.  APP denies the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11. APP admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12. APP admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Paragraph 13 of Plaintiff's Complaint contains Plaintiff's legal assertions or purported legal conclusions, and therefore does not require a response. If any response is required, APP denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. APP denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. APP admits that Plaintiff was employed by APP but denies the remaining allegation in Paragraph 15 of Plaintiff's Complaint.

16. APP denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Paragraph 17 of Plaintiff's Complaint contains Plaintiff's legal assertions or purported legal conclusions, and therefore does not require a response. If any response is required, APP denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Paragraph 18 of Plaintiff's Complaint contains Plaintiff's legal assertions or purported legal conclusions, and therefore does not require a response. If any response is required, APP denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. APP admits it employed two or more employs during the time Plaintiff worked for APP, but the remaining portion of Paragraph 19 of Plaintiff's Complaint contains Plaintiff's legal assertions or purported legal conclusions, and therefore does not require a response. If any response is required, APP denies those allegations in Paragraph 19 of Plaintiff's Complaint.

20. Paragraph 20 of Plaintiff's Complaint contains Plaintiff's legal assertions or purported legal conclusions, and therefore does not require a response. If any response is required, APP denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Paragraph 21 of Plaintiff's Complaint contains Plaintiff's legal assertions or purported legal conclusions, and therefore does not require a response. If any response is required, APP denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Paragraph 22 of Plaintiff's Complaint contains Plaintiff's legal assertions or purported legal conclusions, and therefore does not require a response. If any response is required, APP denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. APP admits the allegation in Paragraph 23 of Plaintiff's Complaint.

24. Paragraph 24 of Plaintiff's Complaint contains Plaintiff's legal assertions or purported legal conclusions, and therefore does not require a response. If any response is required, APP denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. APP admits it employed Plaintiff but denies the remaining allegations in Paragraph 25 of Plaintiff's Complaint.

26. APP denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. APP denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. APP denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. APP denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30. APP denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31. APP denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. APP denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. APP denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34. APP denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. APP denies the allegations in Paragraph 35 of Plaintiff's Complaint.

## COUNT I – ALLEGED RECOVERY OF MINIMUM WAGE AND OVERTIME COMPENSATION

36.     APP incorporates by reference its answers to each of the foregoing paragraphs and its defenses set forth below, as if each were set forth fully herein, in its answer to Paragraph 36 of Plaintiff's Complaint.

37.     APP denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     APP denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.     APP denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     APP denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     APP denies the allegations in Paragraph 41 of Plaintiff's Complaint.

APP denies any remaining allegations in Plaintiff's Complaint, except as expressly admitted.

## II.     DEFENSES

APP pleads the following affirmative and additional defenses, but does not assume the burden of proof except to the extent required on pure affirmative defenses. APP reserves the right to amend or withdraw any defenses or to raise additional defenses during or after its investigation, discovery, or trial. Each defense applies to the entirety of Plaintiff's Complaint and to each purported cause of action or claim for relief.

No assertion of any defense herein shall constitute either an admission that Plaintiff does not bear the burden of proof or burden of producing any element of any cause of action or claim for relief or on any issue as to which Plaintiff bears the burden of proof or the burden of producing evidence as a matter of law, or a waiver of any of APP's rights to require that any Plaintiff satisfy any burden of proof or burden of producing evidence.

1. Any claims for damages beyond the two-year statute of limitations are barred because APP did not act willfully. APP's actions were based upon a reasonable, good-faith belief that such actions were not in violation of the FLSA. APP did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

2. Pleading in the alternative, Plaintiff's claims are barred in whole or in part by 29 U.S.C. § 259 because actions taken in connection with the compensation of Plaintiff was done in good faith and in conformity with and in reliance upon administrative regulations, orders, rulings, approvals, and interpretations of the Administrator of the Wage and Hour Division of the United States Department of Labor. Therefore, Plaintiff and any purported collective action members are not entitled to liquidated damages or other damages or penalties.

3. Pleading in the alternative, Plaintiff's claims are barred in whole or in part by 29 U.S.C. § 260, because any action taken by APP was not willful or reckless, but rather was in good faith and based upon a reasonable belief that such action was not a violation of the FLSA. Therefore, Plaintiff and any purported collective action members are not entitled to liquidated damages or other damages or penalties.

4. Plaintiff and any purported collective action member's claims are barred, in whole or in part, by the doctrine of estoppel to the extent Plaintiff and any purported collective action member falsified APP's document(s) relating to time worked or otherwise affirmatively misled APP.

5. Plaintiff and any purported collective action member's claims are barred, in whole or in part, by the doctrines of setoff and/or offset to the extent Plaintiff and any purported collective action member falsified or inflated his or her respective work hours, or have otherwise improperly obtained wages from APP.

6.      APP's actions regarding the subject matter alleged in the causes of action were undertaken in good faith, with the absence of malicious intent to injure Plaintiff or any person on whose behalf this action is being prosecuted, and constitute lawful, proper, and justified means to further APP's sole purpose of engaging in and continuing its business. Specifically, APP's actions were based upon a reasonable belief that such actions were not a violation of the FLSA, 29 U.S.C. § 201 *et seq.*; therefore, Plaintiff and any purported collective action members are not entitled to liquidated damages or other damages or penalties.

7.      Plaintiff and any purported collective action members are not entitled to overtime because they were exempt from the FLSA's overtime requirements under 29 U.S.C. § 207(i).

8.      Some or all of the claims in Plaintiff's Complaint are barred as to such claims asserted on behalf of allegedly "similarly situated" individuals, if any, who do not give their consent in writing to become party Plaintiffs and/or whose express written consent is not filed with this Court at the appropriate time or whose consent is deficient or was unlawfully procured outside of this Court's notice procedures, if any.

9.      Some or all of the claims in Plaintiff's Complaint are barred because Plaintiff and the putative collective are not "similarly situated" for purposes of a class, representative, or collective action under the FLSA.  Many of APP's employees have signed valid and enforceable arbitration agreements and class/collective action waiver agreements that prevent them from participating in this litigation and being similarly situated to Plaintiff. Accordingly, the collective action allegations should be stricken from Plaintiff's Complaint or dismissed. The claims in Plaintiff's Complaint do not state facts that render them appropriate for collective treatment in that the claims lack numerosity, commonality, individualized questions predominate, and/or the claims are inadequate and Plaintiff is not a typical representative of the interests of the putative class.

10. Some or all of the claims in the Complaint are barred because prosecution of separate actions by putative collective members who are similarly situated, if any, would not create a risk of inconsistent or varying adjudications with respect to such putative collective members which would establish incompatible standards of conduct. Accordingly, the collective allegations should be stricken from Plaintiff's Complaint and/or dismissed.

11. Plaintiff's claims set forth in the Complaint are barred to the extent Plaintiff seeks recovery and relief on behalf of individuals, including but not limited to Plaintiff, who received proper payment for all hours worked.

12. Payments for overtime owed, if any, cannot be calculated at more than one-half of Plaintiff and any purported collective action members' regular rate of pay for the workweek in which he or she worked.

13. The doctrines of waiver, estoppel, release, consent, ratification or settlement may bar Plaintiff and any purported collective action members' claims in whole or in part.

14. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to state a claim on which relief may be granted.

15. APP reserves the right to amend or assert additional defenses as facts are developed in the course of additional investigation and discovery.

### III.   DEMAND FOR JURY TRIAL

APP asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues that are not issues of law for the Court to determine.

### IV.   CONCLUSION & PRAYER

APP denies that Plaintiff is entitled to judgment or relief, of any kind or type, against it in

this matter. APP requests that this Court find in its favor and award it costs of defending itself in this action, including court costs, expenses, and attorney's fees. APP respectfully requests:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff and the individuals on whose behalf Plaintiff seeks relief take nothing by reason of Plaintiff's Complaint;

3. That APP be awarded reasonable attorneys' fees, expenses, and costs of this action; and

4. That APP be awarded such other and further relief, in law or equity, as the Court deems just, equitable, and proper.

Respectfully submitted,

By:   /s/Scott M. Ratchick
Scott M. Ratchick
Georgia State Bar No. 595136
**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**
191 Peachtree Street, N.E., Suite 4600
Atlanta, Georgia 30303
Telephone: (404) 588-3434
Facsimile: (404) 659-1852
scott.ratchick@chamberlainlaw.com

Kellen R. Scott
Texas State Bar No. 24070579
**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 658-1818
Facsimile: (713) 658-2553
kellen.scott@chamberlainlaw.com
*Pro hac vice forthcoming*

**Attorneys for Defendant
American Plumbing Professionals, Inc.**

**Certificate of Service**

On October 27, 2025, pursuant to Federal Rule of Civil Procedure 5, a correct copy of this pleading was sent to the following individuals through the Court's electronic case filing system:

Jeremy Stephens
MORGAN & MORGAN, P.A.
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343

                /s/Scott M. Ratchick